Nott, J.,
delivered the opinion of the.court:
The court is of the opinion that this case comes within the rule laid down in Solomon’s Case (22 C. Cls. R., 342), that where an officer of the Government is properly assigned to the task of devising, preparing, or making an instrument, implement, or other subject of manufacture for the public service, and he does so, the Government bearing the expense of the experiments incidental to the invention, and the cost of completing, perfecting, and testing the device, the officer receiving his salary for his services, a presumption oí' implied contract does not arise, and no action to recover a royalty for the use of the invention can be maintained.
The necessity of such a rule was demonstrated in Solomon’s Oase by the fact that the officer took advantage of his position to recommend and procure the adoption of a device of which he was the inventor with the intent of ultimately holding the Government liable for its user. It is again demonstrated in the present case by the fact that the claimant allowed the Government to refund to him the expenses of taking out his patents, pursuant toan arrangement existing between himself and his superior officers, the purpose of which was to protect the Government from the claims of alleged inventors, and the consideration of which was mutually intended, in the claimant’s own language, “ to re-imburse him for the expense incurred in securing the patents, and as a royalty for the right to use the patents.”
The court reiterates the principle enunciated in the former case, that every public officer being in some measure or degree a guardian of the public welfare, no transaction growing out of his official services or position nan be allowed to inure to his personal benefit, and that from such transactions, as in the cases of guardian and ward, or trustee and cestui que trust, the law will not imply a contract.
The judgment of the court is that the petition be dismissed.